IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| HOLIDAY ISLE, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 07-00798-CG-C |
| | ) |
| CLARION MORTGAGE CAPITAL, INC., | ) |
| LEWIS H. BRYANT and JEFFREY A. | ) |
| SLOOP, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This matter is before the court on plaintiff's motion to remand (Doc. 18), and the opposition thereto of Clarion Mortgage Capital, Inc. (Doc. 27).  The court finds that the equities favor allowance of plaintiff's joinder of defendants Bryant and Sloop.  Because the addition of these parties destroys diversity jurisdiction in this case, plaintiff's motion to remand is due to be granted.

**FACTS**

This action was originally filed in the Circuit Court of Mobile County, Alabama, on October 3, 2007.   Clarion Mortgage Capital, Inc. ("Clarion, Inc."), the only named defendant at that time, removed the action to this court asserting that diversity jurisdiction existed because the requisite amount in controversy was met and because Clarion, Inc. is a Colorado corporation while plaintiff is a citizen of the State of Alabama.  The complaint asserts that Clarion, Inc. issued a letter of credit for $97,000 and that plaintiff presented the letter of credit to Clarion, Inc.

1

with the required default statement and drafting instructions for full payment on September 12, 2007. (Complaint, ¶¶ 5-7).  The complaint further alleges that Clarion, Inc. failed or refused to honor presentation of the letter of credit or to perform its obligations as issuer of the letter of credit. (Complaint, ¶¶ 8-9).

On November 19, 2007, Clarion, Inc. filed motions to transfer venue and to dismiss the complaint. (Docs. 3, 4).  On that same date, plaintiff filed an amended complaint which sought to add defendants, Lewis H. Bryant and Jeffrey A. Sloop. (Doc. 6).   According to the amended complaint, defendant Sloop is a resident of Colorado and defendant Bryant is a resident of Alabama. (Amended Complaint, ¶¶ 3, 5).

The motion to dismiss asserts that plaintiff is seeking payment on a forged letter of credit, which Clarion, Inc. did not issue. (Doc. 5).   Defendant Clarion, Inc. further asserts in the motion that plaintiff failed to strictly perform the terms of the letter of credit by presenting the documents at the proper place and time, and that there is no nexus between the name of the company listed on the document as the issuer, " Clarion Mortgage Capital Bank" and defendant Clarion Mortgage Capital Bank, Inc. (Doc. 5).  Plaintiff responds that many of the issues presented are factual issues which require discovery and that the letter of credit was not presented untimely as the express language of the letter of credit contained an "evergreen clause" which automatically extended the deadline every year ("automatically extended ... one (1) year from the present or any future expiration date hereof") unless certain notice requirements are met. (Doc. 28).

The amended complaint asserts that Bryant applied to Clarion, Inc. for the letter of credit for plaintiff's benefit to cover a pre-construction contract between Bryant and plaintiff.

(Amended Complaint, ¶¶ 8-12). The letter of credit is signed by defendant Sloop as branch manager of Clarion, Inc. (Amended Complaint ¶ 13). Plaintiff entered into the construction contract with Bryant, accepting the letter of credit, but Bryant allegedly failed or refused to close. (Amended Complaint, ¶¶ 17-18). The Amended complaint asserts claims for (1) wrongful dishonor of presentment of the letter of credit against Clarion, Inc., (2) fraud against all defendants, (3) conspiracy against all defendants, (4) breach of contract against Bryant, (5) negligence against all defendants, and (6) wantonness against all defendants.

## DISCUSSION

To the extent that plaintiff's proposed amendment of the Complaint seeks to add a new party who is not diverse in citizenship from plaintiff, it is a post-removal amendment which would destroy this court's subject matter jurisdiction. Section 1447(e) of Title 28 of the United States Code provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Thus, the decision to grant or deny a post-removal motion to amend a complaint which would destroy the subject matter jurisdiction of the federal court is discretionary. See, e.g., Mayes v. Rapoport, 198 F.3d 457, 462 (4th Cir. 1999)("Under Section 1447(e), the actual decision on whether or not to permit joinder of a [non-diverse] defendant ... is committed to the sound discretion of the district court"); Town of Gordon v. Great American Ins. Co., 331 F.Supp.2d 1357, 1359 (M.D. Ala. 2004) (recognizing discretion in § 1447(e) context); Carter v. Dover Corp., Rotary Lift Div., 753 F.Supp. 577, 579 (E.D. Pa. 1991) ("Virtually every court to address the joinder question since

the enactment of § 1447(e) views the statute as ... providing for a flexible, broad discretionary approach").  Such discretion does not imply that § 1447(e) amendments should be granted as a matter of course.  To the contrary, "[t]he district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment." Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987); see also Dasma Investments, LLC v. Realty Associates Fund III, L.P., 459 F.Supp.2d 1294, 1299-1300 (S.D. Fla. 2006) (explaining that a plaintiff "is not automatically entitled to add non-diverse defendants following removal to destroy diversity").

Before allowing a post-removal amendment which would destroy subject matter jurisdiction, a court must consider the following factors: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction, (2) whether the plaintiff has been dilatory in asking for the amendment, (3) whether the plaintiff will be significantly injured if the amendment is not allowed, and (4) any other factors bearing on the equities. Hensgens, 833 F.2d at 1182; accord: Jones v. Rent-A-Center East, Inc., 356 F.Supp.2d 1273, 1275 (M.D. Ala. 2005); Smith v. White Consol. Indus., Inc., 229 F.Supp.2d 1275, 1279-80 (N.D. Ala. 2002); Bevels v. American States Ins. Co., 100 F.Supp.2d 1309, 1313 (M.D. Ala. 2000); Jarriel v. General Motors Corp., 835 F.Supp. 639, 641 (N.D. Ga. 1993).  This framework is designed to facilitate the balancing of the defendant's interest in maintaining a federal forum with the competing interest disfavoring parallel lawsuits in federal and state courts. Id.; see also Hughes v. Promark Lift, Inc., 751 F.Supp. 985, 987 (S.D.Fla. 1990) ("In determining whether joinder pursuant to § 1447(e) is appropriate, the district court is required to balance the equities involved.").

Application of the Hensgens factors in this case reveals that the balance of equities

squarely favors amendment. Contrary to Clarion, Inc.'s position, the amendment does not appear to have the purpose of defeating federal jurisdiction; rather, its purpose is nothing more sinister than naming the proper individual defendants who were responsible for the issuance of a letter of credit that would not be honored.  Plaintiff sought to amend the complaint only after defendant's motion to dismiss indicated that the letter of credit was a forged document that was not issued by Clarion, Inc..  Given Clarion, Inc.'s contention as to the validity of the letter of credit, Bryant and Sloop as the parties involved in arranging for and actually issuing the letter of credit may be wholly or partially at fault for plaintiff's alleged damages.  Thus, the court finds that the first factor weighs in favor of allowing the amendment.

With regard to the second factor, Clarion, Inc. argues that plaintiff could have named Bryant and Sloop as parties in its original complaint.  However, although plaintiff was undoubtedly aware of the names of these individuals and that they played some part in the issuance of the letter of credit, there is no indication that plaintiff was aware that their participation was allegedly fraudulent.  The court finds that plaintiff has not been dilatory in seeking amendment; to the contrary, it filed its amended complaint joining Bryant and Sloop less than two months after this action commenced and before Clarion, Inc. answered the original complaint or any formal discovery took place.

The third Hensgens factor is whether plaintiff will be significantly injured if the amendment is not allowed.  In analyzing this factor, courts generally attempt to determine whether a plaintiff can be afforded complete relief in the absence of the amendment. See e.g. Jones v. Rent-A-Center E., Inc., 356 F.Supp.2d 1273, 1277 (M.D.Ala. 2005) (permitting joinder where it was unclear that plaintiffs could obtain a complete relief without the presence of

nondiverse parties); Bevels, 100 F.Supp.2d at 1314 (finding there was no showing that plaintiffs would not be able to obtain full relief without the presence of the non-diverse defendant), Sexton v. G & K Services, Inc., 51 F.Supp.2d 1311, 1314 (M.D. Ala. 1999) (same).   In the instant case, Clarion, Inc. asserts that it is not the responsible party and that the letter of credit, that Bryant and Sloop allegedly took part in issuing, is a forgery.  Given Clarion, Inc's stance, it cannot fairly assert that full relief, if any, can be afforded in the absence of the amendment.  While plaintiff may be able to file against Bryant and Sloop in a separate lawsuit, the inefficiency of proceeding in parallel forums and the desirability of providing complete relief in one lawsuit, warrant joinder of the non-diverse parties.  Thus, the court finds that the third factor weighs in favor of allowing the amendment.

The next step in the Hensgens analysis is to consider any other factors bearing on the equities.  In balancing the equities, the parties are not on equal footing, and the court should give consideration to defendant's right to choose the federal forum. See Hensgens, 833 F.2d at 1181.  The court finds that plaintiff would be prejudiced if it must pursue two different lawsuits.  Requiring two suits would cause the plaintiff to bear the expense of maintaining parallel suits, including discovery costs and time, and would result in a lack of judicial economy.  While the court recognizes Clarion, Inc.'s interest in proceeding in federal court, the court believes that had the relevant facts been known to plaintiff prior to the filing of the original Complaint, defendant would have had no basis for removal.  Therefore, considering all of the information before it, including that the first three Hensgens factors weigh in favor of amendment, the court finds that the equities weigh in favor of allowing plaintiff to amend the complaint to add Bryant and Sloop.

Because the addition of Bryant and Sloop as defendants in this case destroys diversity

jurisdiction, the court remands the case for lack of subject matter jurisdiction.

## **CONCLUSION**

For the reasons stated above, plaintiff's motion to remand (Doc. 18) is **GRANTED,** and this case is hereby **REMANDED** to the Circuit Court of Mobile County, Alabama.

**DONE and ORDERED** this 11th day of April, 2008.

/s/   Callie V. S. Granade
CHIEF UNITED STATES DISTRICT JUDGE